UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Luis Monroy,<br><br>                         Plaintiff,<br><br>   -v-<br><br>North Main Food Market Corp, and<br>Eddie Peralta,<br><br>                         Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Luis Monroy ("Plaintiff" or "Monroy"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants North Main Food Market Corp and Eddie Peralta (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendants for working and being paid less than the applicable New York State minimum wage rate for each hour he worked for Defendants in a week; and (iii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

1

3. Plaintiff is also entitled to recover his unpaid wages/benefits, overtime and non-overtime wages and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Luis Monroy ("Plaintiff" or "Monroy") is an adult, over eighteen years old, who currently resides in Nassau County in the State of New York.

8. Upon information and belief and all times relevant herein, Defendant North Main Food Market Corp ("North Main") was a New York for-profit corporation.

9. Upon information and belief and at all times relevant herein, Defendant North Main was owned/controlled/managed by Defendant Eddie Peralta ("Peralta") who was in charge of the operations and management of Defendant North Main.

10. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

11. Upon information and belief, and at all times relevant herein, Defendants individually, and/or jointly shared a principal place of business in Nassau County, New York at 170 North Main Street, Freeport, NY 11520, where Plaintiff was employed.

12. Upon information and belief and at all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

10. At all relevant times herein, Defendants were involved in the restaurant business.

11. At all relevant times herein, Defendants, individually and/or jointly, owned two or more locations and employed about 20 or more employees.

12. Plaintiff has been employed by Defendants, individually and/or jointly, from 2014 to on or about December 22, 2022.

13. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, as a manual worker performing all the manual, physical and repetitive tasks involved in the cleaning, maintenance process, throughout his workday.

14. At all times relevant herein, Plaintiff worked about 49 or more hours each week for Defendants, 7 days a week, except for the last year or so of his employment, when his work hours were reduced to about 24 or more hours each week, with the exception of about 2-3 weeks each year.

15. At all times relevant herein, Plaintiff was an hourly employee of Defendants and he was paid about $10.00 an hour for all hours worked during his employment with Defendants – a rate lower than the applicable Nassau County Minimum wage rate for each of the years 2018, 2019, 2020, 2021 and 2022.

16. At all times relevant herein and each of the years 2018, 2019, 2020, 2021 and 2022, Defendants paid Plaintiff at a rate lower than the applicable New York State Minimum wage rate for Nassau County.

17. At all times relevant herein, Defendants paid Plaintiff at straight regular rate for his overtime hours worked each week (weekly hours over 40 in a week), during his employment with Defendants except for 2-3 weeks each year.

18. At all times relevant herein, Defendants failed to pay Plaintiff at a rate of at least the NYS applicable minimum wage rate for each and all hours worked in a week, for each week during his employment with Defendants.

19. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

20. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1) – the required notice was not provided at all. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

21. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

22. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

23. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

24. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of equipment and supplies.

25. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

26. Defendants as a regular part of their business, engaged in credit card and lottery ticket transactions involving banks and other institutions outside the state of New York. As a regular part and ongoing part of their daily operations, Defendants also operated as a SNAP retailer through the United States Department of Agriculture.

27. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

28. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, websites and telephone/cellphone systems, – Plaintiff also used cellular phone/communications as a regular and integral part of his job herein with Defendants.

29. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his

regular rate of pay for all hours worked in excess of forty hours in a week for each week during his employment with Defendants.

30. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8), and Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

31. "Plaintiff" as used in this complaint refers to the named Plaintiff.

32. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

33. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

35. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

36. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

37. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

38. Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime wages compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142, 146 etc. (Unpaid OT + Min)

39. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142, 146.

41. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2, 146-1.4.

42. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour

worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1. 12 NYCRR § 146-1.2.

### Relief Demanded

45. Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid wages, minimum wages, overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

46. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 45 above with the same force and effect as if fully set forth at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

48. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his unpaid wages/benefits, non-overtime wages, and overtime wages, wage deductions, Plaintiff was entitled to, as required by NYLL §§ 191, 193 and 198.

49. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

50. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is

therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

### Relief Demanded

51. Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid wages/benefits, minimum wages, non-overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

52. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, and New York Labor Law – 12 NYCRR § 142, 146, and Article 6 of the NYLL – NYLL § 190 et Seq., and the Regulations thereunder;

52. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

53. As to the **Second Cause of Action**, award Plaintiff his unpaid minimum wages and overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142, 146 together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

54. As to the **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid wages/benefits, minimum wages, overtime wages, wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq.

9

including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

55. Award Plaintiff prejudgement interest on all monies due;

56. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

57. Award Plaintiff such other, further and different relief in his favor as the Court deems just and proper.

**Dated: Queens Village, New York**
            **January 29, 2023**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan                        
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF